## CIRCUIT COURT OF THE CITY OF RICHMOND

Porter-Blain Corp.

v.

Virginia Employment Commission

March 21, 1997

Case No. HH-664-3

BY JUDGE T. J. MARKOW

This case is before the court on Respondent's Motion to Dismiss and Petitioner's Motion to Strike Motion to Dismiss. The dispute underlying each of these motions is whether Petitioner has properly "served" Respondent in this matter.

The statute under which this action has been brought is Va. Code § 60.2-500. Within this section, is the following language:

> Judicial review of any such determination made [by the Commission] may be initiated within thirty days after mailing notice of such findings and determination to the employing unit ... . Such judicial review shall be commenced by the filing of a petition ... . Service of two copies of such petition upon the Commissioner shall be deemed completed service and such petition shall be filed with the clerk of the court within five days after service thereof.

When Petitioner filed the petition, it had two copies of the petition mailed to the Commissioner. If this mailing could constitute the "service" that the statute requires, the appeal has been properly perfected. However, process issued by the clerk's office was not served on the Commissioner until more than three months after the filing of the petition.

Respondent argues that the statute, in using the word "service," means "service of process," and, therefore, this appeal was not properly perfected and is time barred and should be dismissed. Petitioner argues that "of process"

should not be read into this statute, and that, lacking that reading, its service by mail was sufficient. Alternatively, it argues that the error is not egregious enough to warrant dismissal.

Service "has a variety of meanings depending on the context or the sense in which [it is] used." *Black's Law Dictionary* 1368 (6th ed. 1990). Just a brief glance at *Black's* provides the court with ample interpretations of the word service. These include service of process and service by publication. In another legal dictionary, *Ballentine's*, there are definitions of service by mail, service of process, service by publication, service of notice, service of pleading and service of summons. *Ballentine's Law Dictionary* 1164-65 (3rd ed. 1969). Obviously, the contention that the use of the word "service" necessarily implies the phrase "of process" is not supported by these sources.

Additionally, the Virginia statutes and rules provide evidence against that assertion. For example, Rule 1:12 refers to pleadings which should be "served on each counsel of record by delivering or mailing a copy to him … ." This rule recognizes that, in some circumstances, service may be accomplished by just such a mailing as was used in this case.

As this is an appeal, it may be useful to examine the service requirements imposed for other appeals. Va. Code § 16.1-112, dealing with appeals from the General District Courts to the Circuit Courts allows for service by certified mail upon the appellee. This is certainly not the "process" the Respondent demands.

In a situation even more analogous to the case at bar, Rule 2A:2 provides the procedures for giving notice of appeal pursuant to the Administrative Process Act. That rule requires that the notice of appeal include a "certificate that a copy of the notice of appeal has been mailed to each of the parties." That is precisely what was done in this case.

This is enough to convince the court that the Respondent's argument that service of process is required by the statute is in error. The remaining question is whether the Petitioner did, in fact, do what *was* required. The court looks to Va. Code § 8.01-288. That section reads as follows:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

The court has already determined that service of process is not specifically prescribed by statute in this case and that papers did reach the Commissioner

within the prescribed time. The remaining question is whether the papers that were sent could constitute "process" as that is defined in § 8.01-288. The definition of process is found in Va. Code § 8.01-285, which reads:

> For the purposes of this chapter:
>    1. The term "process" shall be deemed to include notice ... .

The court concludes that notice was sent and received by the appropriate person, the Commissioner, within the statutorily prescribed time. The court further concludes that this action was all that was required by the statute. As such, the Respondent's Motion to Dismiss will be overruled.